IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO.  06-671-GPM |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Respondents. ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner, an inmate in the Lawrence Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

This action arises from a disciplinary ticket that Petitioner received on December 12, 2005.  Earlier that day, Petitioner was overheard to be shouting "Long Live the Crypts and Bloods," "Kill Arnold Schwarzenegger," "Kill the Governor," and "Long Live Tookie."  Officer Mensing directed Petitioner to stop yelling those comments, but Petitioner persisted.  Mensing notified Lt. Challans,

and Mensing then wrote a disciplinary ticket charging Petitioner with insolence, creating a dangerous disturbance, participating in organizational activity, making dangerous communications, and security threat group activity. He was found guilty on all but the insolence charge; he was punished with six months reduction to C-grade, six months in segregation, six months restriction on contact visitation, six months restriction on audio/visual privileges, three months yard restriction, a disciplinary transfer, and the revocation of six months of good conduct credit.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

In this case, Petitioner does not claim that he was denied any of the procedural protections required by W*olff*. Rather, he claims that he should not have been punished for his statements because the Illinois Department of Corrections (IDOC) rules were too vague for him to understand what sort of statements or actions would violate those rules. He also claims that he was merely singing about information he had gleaned from the newspaper, a publication that the IDOC had approved for inmates to read. Such claims are patently frivolous. It would be clear to anyone that an inmate yelling those types of statements could cause a dangerous disturbance within the

institution, and hollering out gang names is, on its face, promoting gang activity. Thus, Petitioner's argument – he was not on notice that his statements would be in violation of IDOC rules – is without merit.

The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56. The records submitted with the petition clearly provide a basis for the guilty finding; moreover, Petitioner admits making the statements in question. Therefore, he was not deprived of any of his constitutionally protected rights in this situation.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED with prejudice**, and all pending motions are **MOOT**.

**IT IS SO ORDERED.**

DATED:  12/04/06


s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge